IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRIAN K. LEWIS and MARIDETH LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC., a foreign corporation; and LSF9 MASTER PARTICIPATION TRUST,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:16-cv-01252<br><br>District Judge Dale A. Kimball |

This matter is before the court on Defendants Caliber Home Loans, Inc., and LSF9 Master Participation Trust (collectively "Defendants") motion for summary judgment. On January 16, 2018, the court held a hearing on the motion. At the hearing, the Plaintiffs Brian K. Lewis and Marideth Lewis were represented by James A. Sorenson and the Defendants were represented by Keith S. Anderson and Heidi G. Goebel. The court took the motion under advisement. Based on the briefing filed by the parties and the law and facts relevant to the pending motion, the court issues the following Memorandum Decision and Order GRANTING the Defendants' Motion for Summary Judgment.

**BACKGROUND**

On January 11, 2008, Chris B. Adams executed a promissory note ("Note") in favor of Taylor, Bean & Whitaker Mortgage Corp. in the principal sum of Two-Hundred Thirty Five Thousand Dollars ($235,000.000). The Borrower also executed a deed of trust securing the Note.

The Note was assigned multiple times and the Note is now serviced by Caliber Home Loans. The original Borrower also assigned his or her interest and obligations of the Note to Brian K. Lewis and Marideth Lewis.

1

On September 1, 2009, the original Borrower defaulted on the loan. On March 16, 2010, the Borrower filed a Chapter 7 Bankruptcy Petition. On April 12, 2010, the Lender recorded a Notice of Default in the Office of the Recorder of Juab County, Utah.

On or about May 1, 2014, the Lender filed a Notice of Rescission of the Notice of Default and Election to Sell Under Deed of Trust, rescinding, cancelling, and withdrawing the April 12, 2010 Notice of Default that was recorded in the Office of the Recorder in Juab County, Utah. On the very same day as the cancellation was recorded, the Lender filed a new Notice of Default and reaccelerated the debt.

On or about July 26, 2016, the Defendant posted an Amended Notice to Conduct a Trustee's Sale of the Property on September 15, 2016. On or about July 27, 2017, an Assignment of Deed of Trust from Nationstar Mortgage, LLC to U.S. Bank Trust (LSF9 Master Participation Trust) was recorded in the Office of the Recorder of Juab County, Utah. The Plaintiffs bring this action seeking a declaratory judgment for quiet title to the property asserting that the statute of limitations has expired for collecting on the Note.

## LEGAL STANDARD

The court grants summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court "view[s] the evidence and make[s] all reasonable inferences in the light most favorable to the nonmoving party." *N. Natural Gas Co. v. Nash Oil & Gas, Inc.,* 526 F.3d 626, 629 (10th Cir. 2008).

## DISCUSSION

Plaintiffs assert that they are entitled to a declaratory judgment granting them quiet title to the residence because the statute of limitations for collecting on the mortgage has expired. The

Defendants filed this motion for summary judgment asserting that the Plaintiffs failed to state a claim because the statute of limitations has not yet expired.

The current version of Utah Code Annotated Section 57-1-34, which went into effect on May 10, 2016, provides that "[a] person shall, within the period prescribed by law for the commencement of an action on an obligation secured by a trust deed: (1) commence an action to foreclose the trust deed; or (2) file for record a notice of default under Section 57-1-24." Under the pre-May 10, 2016 version of Utah Code Annotated Section 57-1-34, "[t]he Trustee's sale of property under a trust deed, or an action to foreclose a trust deed as provided by law for the foreclosure of mortgages on real property shall be commenced, within the period prescribed by law for the commencement of an action on the obligation secured by the trust deed."

In this action, the parties dispute which "period prescribed by law," i.e. statute of limitation, applies to Defendant's proposed foreclosure of Plaintiffs' property. Plaintiffs assert that the six-year statute of limitation under Utah Code Annotated Section 78B-2-309 for an action on a written agreement should apply and run from the date that Plaintiffs first failed to make a monthly mortgage payment.

The UCC statute of limitations, Utah Code Annotated Section 70A-3-118(1), provides that "an action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date." *Id.* When two statutory provisions conflict, the more specific provision governs over the more general one. *Millett v. Clark Clinic Corp.*, 609 P.2d 934, 936 (Utah 1980). "[W]here the Uniform Commercial Code sets forth a limitation period for a specific type of action, this limitation controls over an older, more general statute of limitations." *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 216 (Utah 1984).

The specific UCC statute of limitation period applies to the Note and Trust Deed at issue in this case rather than the more general statute of limitation applicable to written contracts. The Note in question is ultimately due on February 1, 2038, and was accelerated on two occasions on April 12, 2010, and May 1, 2014.

In *Van Leeuwen v. Bank of America*, 2015 WL 5618048, at \*3 (D. Utah Sept. 24, 2015), the court applied the more specific UCC statute of limitations in similar circumstances. The court concluded that the statute of limitations had not run because six years had not elapsed since the date of the acceleration. *Id.*

Plaintiffs, however, cite *Tasila v. Isbell*, 2015 WL 1467589, \*2 (D. Utah March 27, 2015), in support of their argument that Defendant's non-judicial foreclosure should be barred as untimely. But in *Tasila*, the court ran the six-year statute of limitations from the date the trust deed matured, not the date the party failed to make payments. Therefore, *Tasila* does not support Plaintiffs' position. The statute of limitations does not run upon the first missed payment on a mortgage obligation, rather, it runs when the Note is due in full or when the Note has been accelerated.

The Plaintiff then argues that if the statute of limitations began upon acceleration, then the statute of limitations began on April 12, 2010 when the Note was first accelerated. The Defendant, however, asserts that the statute of limitations reset upon rescinding the Notice of Default and reissuing a new one. When faced with the issue of whether a Lender may unilaterally decelerate the debt under a Note, the 10th Circuit held that "nothing in either [the Note or Trust Deed] expressly or implicitly precluded the lender… from cancelling the acceleration." *Koyle v. Sand Canyon Corp.,* 683 Fed. Appx. 715, 724 (10th Cir. 2017).

4

In *Koyle*, the original Notice of Default was recorded on October 16, 2003. *See Id*. The Lender issued a Cancellation of the Notice of Default on September 27, 2011 and on December 19, 2014 filed a new Notice of Default. *Id*. The court held that as long as rescinding the Notice of Default was not otherwise precluded by the underlying documents, it was within the Lenders right to unilaterally decelerate the debt and the statute of limitations reset upon issuing a new notice of default. *Id.*

Here, the Notice of Rescission and the Second Notice of Default were recorded on the very same day. Although it is uncertain why the Lender rescinded the Notice of Default and then recorded a new notice on the same day, the Plaintiff has not argued that this was done in bad faith.[1] Therefore, in accordance with the 10th Circuits holding in *Koyle*, the Lender was within its right to decelerate the debt. As in *Koyle*, such rescission stopped the running of the statute of limitations and a new statute of limitations began to run upon the Second Notice of Default being recorded. The statute of limitations therefore began on May 1, 2014 when the Note was accelerated. Because the six year statute of limitations has not expired, and the Defendant continues to hold a valid security interest in the property, the Defendant is entitled to summary judgment.[2]

## CONCLUSION

Based on the above reasoning, Defendant's Motion for Summary Judgment (Dkt. No. 23) is GRANTED.

Dated this 18th day of January, 2018.

BY THE COURT:

---

[1] When asked, the parties did not seem to know why the Lender decelerated the debt. The plaintiff, however, did not argue that the Lender did it in bad faith.

[2] The court need not reach the issue briefed by the parties of what the remedy would be if the statute of limitations had run.

DALE A. KIMBALL,
United States District Judge